RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado.

Núm. 29.—*Sometido:* Mayo 28, 1945. *Resuelto:* Noviembre 14, 1945.

362

*Hon. Procurador General Interino Luis Negrón Fernández y `A. D. Marchand Paz, Procurador General Auxiliar,* abogados del peticionario; *Dubón & Ochoteco* y *Otero Suro & Otero Suro,* abogados de la interventora, querellante en el pleito principal; *Colegio de Abogados de Puerto Rico,* representado por los abogados .*Rafael O. Fernández, Jorge Luis Córdova, J. J. Ortiz Alibrán* y *R. Rodríguez Lebrón,* como *amicus curiae; Daniel F. Kelley,* como *amicus curiae* también.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La firma de abogados Dubón & Ochoteco solicitan reconsideremos nuestra decisión de 21 de mayo último, dictada en

este caso. El Colegio de Abogados de Puerto Rico y el abogado Daniel F. Kelley, respectivamente, solicitaron permiso para intervenir en concepto de *amici curiae* y se les concedió, advirtiéndoles que debían radicar su alegato en el plazo de quince días, con notificación a la parte contraria, es decir, al Tesorero de Puerto Rico, quien podría replicar dentro de los cinco días después de notificado. Las partes todas radicaron sus alegatos, los abogados Dubón & Ochoteco, el abogado Kelley y el Colegio de Abogados, a favor de la moción de reconsideración, y el Tesorero de Puerto Rico en contra de la misma.

Los hechos del caso fueron expuestos en la opinión que sirvió de base a nuestra resolución de 21 de mayo de 1945, ante, pág. 9, por lo que resulta innecesario repetirlos aquí. Bastará decir que las cuestiones envueltas consistieron en determinar:

(*a*) Si las sociedades de abogados están incluídas en el término ''sociedad'' a que se refiere la sección 2(*a*)(3) de la Ley de Contribuciones sobre Ingresos, y

(*b*) Si estándolo, la sociedad tiene derecho a deducir de su ingreso bruto una cantidad razonable para sueldos u otra compensación por servicios personales realmente prestados por sus socios. Sección 32 de la Ley de Contribuciones Sobre Ingresos.

I

En cuanto a la primera cuestión resolvimos que una sociedad de abogados es legal, que la sociedad es una persona jurídica distinta de los socios, que es una de las sociedades de profesionales a que se refiere la sección 2(*a*)(3) de la Ley y por consiguiente, al igual que las demás sociedades, está obligada a pagar contribución sobre ingresos. A lo que dijimos en la opinión original sobre estos extremos nada tenemos que agregar.

## II

■■ Resolviendo la segunda cuestión dijimos en nuestra opinión original que, de conformidad con el artículo 1572 del Código Civil, cada socio es deudor a la sociedad de lo que prometió aportar a ella; que como en las sociedades profesionales cada socio se obliga a aportar su industria, es decir su trabajo profesional, a cambio de lo cual recibe la participación convenida en los beneficios de la sociedad, al prestar tales servicios no está haciendo más de lo que se obligó a hacer a virtud del contrato social y de las disposiciones del artículo 1572, y que por consiguiente, al fijársele un sueldo por la sociedad, ésta no tiene derecho a deducirlo de su ingreso bruto.

Empero, la sección 2(a)(3) de la Ley de Contribuciones Sobre Ingresos expresamente prescribe que el término "sociedad" incluye las sociedades civiles, mercantiles, industriales, agrícolas y *profesionales* o de cualquier otra clase, estuvieren o no constituídas por escritura pública o documento privado. Y la sección 32(a)(1) a su vez prescribe que al computar el ingreso neto de una corporación o sociedad sujeta a la contribución impuesta por la sección 28, se permitirán, entre otras, la deducción de una cantidad razonable por concepto de salarios u otras compensaciones por servicios personales realmente prestados. Pero como las sociedades de abogados son sociedades profesionales y la sección 32(a)(1) concede la deducción a todas las sociedades sin excluir a las profesionales, si damos efecto legal tanto a la sección 2(a)(3) como a la 32(a)(1), tenemos que concluir que una sociedad de abogados como es la contribuyente en este caso, tiene derecho a deducir de su ingreso bruto una cantidad razonable pagada a sus socios por servicios personales realmente prestados a la sociedad.

Podría argüirse que, como en el presente caso, el ingreso total de la sociedad está representado por la suma de los honorarios percibidos por los dos socios, ese total representa

el valor de los servicios prestados por ellos a la sociedad, pues es de presumirse que al pagárseles los honorarios correspondientes a esos servicios es porque los clientes que los pagaron estimaron que el precio que se les cobró era razonable. Pero ese argumento pierde de vista que la ley impone la contribución no sobre el ingreso bruto, sino sobre el neto, y que para computar éste, es preciso hacer las deducciones que permite la ley, entre las cuales se hallan los sueldos razonables que la sociedad pagó al socio o empleado.

En la Ley Federal de Contribución sobre Ingresos, contrario a lo que sucede en la de Puerto Rico, las sociedades no están incluídas entre las entidades sujetas al pago de tal contribución. Por consiguiente es imposible encontrar un precedente que sea de aplicación directa al presente caso. Pero Mertens, tratando de lo que debe entenderse por salario razonable a los efectos de su deducción por el contribuyente, dice:

"*Factores a ser considerados para determinar la razonabilidad:* Al determinar si el salario o compensación pagado es razonable, la situación debe considerarse en su totalidad. Por lo general ningún factor aislado es decisivo. Hay varias reglas que han sido comúnmente aplicadas para determinar la razonabilidad del salario o compensación en cuestión, tales como la proporción entre el salario en controversia y la suma de todos los salarios y el ingreso neto, el volumen del negocio, la extensión o alcance del trabajo del empleado, la calificación del empleado y su contribución al negocio, importe de los salarios pagados al empleado en años anteriores, la situación económica del país, salarios que se pagan a empleados que rinden servicios similares en empresas análogas; la facilidad de conseguir otras personas que puedan desempeñar el cargo que ocupa el empleado, y la política que con respecto a salarios ha seguido la corporación en cuanto a todos los empleados. . . . Al considerar la discusión en las secciones que siguen, es importante no perder de vista que raras veces la aplicación de un solo factor da un resultado satisfactorio, y que por lo regular, es el concurso de los distintos factores adecuadamente considerados en relación con el caso particular lo que suministra la contestación final." 4 Mertens *Law of Federal Income Taxation*, sección 25.51.

Aplicando por analogía a las sociedades profesionales los principios enunciados por Mertens para determinar cuál sería el sueldo razonable en cada caso, deberán tomarse en cuenta, entre otros, los siguientes factores: (a) nivel profesional del que prestó el servicio; (b) el promedio que un profesional de su categoría ganaba en la comunidad en la fecha en que dichos servicios fueron prestados; y (c) naturaleza y volumen del trabajo realizado. *Cf. P.R.Ry.Lt. & P. Co.* v. *Buscaglia,* Tes., 62 D.P.R. 597.

Es sabido que los servicios de un profesional de poca experiencia y habilidad no pueden tener el mismo valor que los de un líder de su profesión. Si el valor razonable del servicio del empleado o socio fuese la totalidad de lo que ingresó en la sociedad por su trabajo, ¿qué beneficio obtuvo la sociedad al emplearlo? Tendríamos que concluir que en ese caso el socio trabajó exclusivamente para él y no para la sociedad. Por consiguiente en el presente caso la sociedad tiene derecho a deducir de su ingreso bruto, no la totalidad de los honorarios que ingresaron sus socios respectivamente, sino el valor razonable de los servicios realmente prestados por ellos computados de acuerdo con los factores que antes hemos enunciado.

### III

El Tesorero aceptó como razonable los $12,000 que a cada socio se asignó como sueldo; pero negó que la cantidad de $22,814.14 que en adición al sueldo se distribuyó de por mitad entre los socios, fuese, como alegaba la contribuyente, una compensación adicional razonable por servicios realmente prestados por ellos, alegando en contrario el Tesorero que el pago de esa última cantidad era una mera distribución de beneficios. Sin embargo, expresamente admitió en sus alegaciones y en la vista del caso ante el Tribunal de Contribuciones y más tarde ante este Tribunal, que si en realidad la cantidad de $11,407.07 la hubiera recibido cada socio en con-

cepto de pago por servicios realmente prestados, su pago hubiera sido razonable, y que aún una cantidad mayor también lo hubiera sido.

En verdad la posición del Tesorero con respecto a la llamada compensación adicional no es perfectamente clara, pero no obstante su ambigüedad, con el fin de hacer justicia sustancial, debemos interpretar liberalmente sus alegaciones en el sentido de que su posición es que el pago de la compensación adicional no representa un sueldo razonable por servicios realmente prestados y que por consiguiente no es deducible del ingreso bruto.

Pero el Tribunal de Contribuciones, tras una extensa discusión en la que erróneamente sostuvo que las sociedades de abogados no tienen existencia legal, y arguyendo además que, como en el caso de autos, los honorarios recibidos por la firma constituyen sus únicos ingresos, los cuales "guardan necesariamente relación con el valor de los servicios prestados personalmente por sus socios a sus clientes", revocó la resolución del Tesorero denegando la deducción de esa partida. El Tribunal de Contribuciones, al hacer este pronunciamiento, no aplicó la norma antes enunciada para determinar si esa deducción era o no un sueldo razonable. Por el contrario, dió por descontado, por los fundamentos a que acabamos de referirnos, que la contribuyente tenía derecho a esa deducción.

Siendo erróneo ese pronunciamiento del Tribunal de Contribuciones contra el cual recurrió el Tesorero por medio del presente recurso de *certiorari,* procede a nuestro juicio anularlo y devolver el caso a dicho Tribunal para que, de conformidad con los principios enunciados en esta opinión, y en la opinión principal en tanto en cuanto no han sido modificados por la presente, celebre una nueva vista limitada a determinar si la contribuyente tiene o no derecho a esa deducción.

368

*Se declara con lugar la moción de reconsideración y en su consecuencia nuestra opinión principal, en tanto en cuanto esté en conflicto con los principios enunciados en esta opinión, queda por la presente revocada.*